UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

BRENDA CONNELL,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff BRENDA CONNELL, a Minnesota citizen and resident, sues Defendant, CARNIVAL CORPORATION, a Panamanian Corporation with its principal place of business in Miami-Dade County, Florida, doing business as CARNIVAL CRUISE LINES, (CARNIVAL) and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2. Plaintiff BRENDA CONNELL is sui juris and at all material times has been a citizen and resident of the state of Minnesota.

3. Defendant, CARNIVAL CORPORATION, is a Panamanian corporation with its principal place of business in Miami, Dade County, Florida. At all material times Defendant, CARNIVAL CORPORATION, has done business under the fictitious name "CARNIVAL

CRUISE LINES." For federal jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. §1332(a)(2). As alleged above there is complete diversity in citizenship of the parties because Plaintiff BRENDA CONNELL is and all material times has been a citizen and resident of the state of Minnesota, while Defendant CARNIVAL is a citizen both of Panama and of Florida for jurisdictional purposes. The damages claimed exceed the minimum jurisdictional amount required for diversity of citizenship cases. The damages alleged in Paragraphs 13 and 14 below, including right knee injuries, support an award in excess of $75,000.00.

5. At all material times, CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, through having its principal place of business there, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all material times, CARNIVAL has engaged in business in this district, so venue is proper in this Court.

7. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

8. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

9. Venue is also proper in this district because the Defendant's principal places of business are located within this district.

10. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff gave timely written notice of her injury to Defendant CARNIVAL through a letter sent by her counsel on August 26, 2019, within six months after her injury.

**LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS**

11. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the CARNIVAL M/S "HORIZON."

12. At all material times, including the injury date of August 10, 2019, the Plaintiff was a fare paying passenger aboard the CARNIVAL M/S "HORIZON" and in that capacity was lawfully present aboard the vessel.

13. On August 10, 2019, while proceeding to disembark the vessel, the Plaintiff was walking on the Lido Deck by the glass doors near the onboard beach pool. At that time and place the Plaintiff slipped on water or a wet, slippery substance on the deck surface and fell, thereby sustaining injuries including injuries to her right knee.

14. As a direct and proximate result of slipping and falling on the deck as alleged above, the Plaintiff was injured in and about her body and extremities, sustaining injuries including right knee injuries, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability and the inability to lead a normal life, as well as the aggravation or activation of pre-existing medical conditions. Furthermore, she incurred past and future medical, hospital, and other out of pocket and health care expenses as a result of her injuries; the future medical, hospital and

3

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

health care expenses being reasonably certain to occur. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I – NEGLIGENT MAINTENANCE

15. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-14 above.

16. At all material times, the Defendant CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain deck surfaces in a reasonably safe condition and to correct any hazards on deck surfaces of which it had actual or constructive notice.

17. At all material times there existed a dangerous condition on the deck surface on the Lido Deck by the glass doors near the onboard beach pool on the CARNIVAL "HORIZON," to-wit: accumulated water or a wet, slippery substance, posing a slip and fall hazard to passengers walking in the area such as the Plaintiff.

18. At all material times CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous condition referenced in the preceding paragraph due to the length of time it had been present, the occurrence of prior similar incidents, or otherwise.

19. Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition alleged above, it failed before the Plaintiff fell and was injured adequately to maintain its deck surface by cleaning and drying the area, timely and adequately inspecting it for wetness or slip and fall hazards, cordoning off the dangerous area, or otherwise, and was thereby

4

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

negligent.onboard staircase by repairing or correcting the dangerous condition and was thereby negligent.

20. As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

### COUNT II – NEGLIGENT FAILURE TO WARN

21. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-14 above.

22. At all material times, the Defendant CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps adequately to warn its passengers, including the Plaintiff, of dangerous conditions of which it knew or should have known in the exercise of reasonable care.

23. At all material times there existed a dangerous condition on the deck surface on the Lido Deck by the glass doors near the onboard beach pool on the CARNIVAL "HORIZON," to-wit: accumulated water or a wet, slippery substance, posing a slip and fall hazard to passengers walking in the area such as the Plaintiff.

24. At all material times CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous condition referenced in the preceding paragraph due to the length of time it had been present, the occurrence of prior similar incidents, or otherwise.

25. Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition alleged above, CARNIVAL failed before the Plaintiff fell and was injured adequately to warn passengers including the Plaintiff of the dangerous condition through orally delivered or written warnings, appropriate markings or signage, cordoning off the dangerous area, or otherwise and was thereby negligent.

26. As a direct and proximate result of the Defendant's negligent failure to warn as described above the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## **COUNT III – VICARIOUS LIABILITY – FAILURE TO CORRECT DANGEROUS CONDITION**

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-14 above and further alleges:

27. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care for her safety.

28. At all material times, the Defendant was vicariously liable for failure by its crewmembers, acting in furtherance of the business of its vessel, to exercise reasonable care for the safety of Defendant's passengers, including the Plaintiff.

29. At all material times including the time referenced in the preceding paragraph, the Defendant's crewmembers responsible for cleaning and drying the Lido Deck near the onboard beach pool failed to exercise reasonable care and were thereby negligent due to their failure

adequately and timely to clean and dry the area before passengers such as the Plaintiff traversed it, failure to cordon off the dangerous area, failure adequately to inspect the area for wetness or slip and fall hazards, and failure timely to correct the dangerous condition of the deck.  Since these negligent acts or omissions of the ship's crew occurred while the crew was acting in furtherance of the ship's business, providing for the maintenance of the vessel and passenger safety, Defendant CARNIVAL is vicariously liable for their negligence.

30. As a direct and proximate result of the crewmembers' negligence as alleged above, for which the Defendant is vicariously liable as alleged above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

### COUNT IV – VICARIOUS LIABILITY – FAILURE TO WARN

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-14 above and further alleges:

31 At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care for her safety.

32. At all material times, the Defendant was vicariously liable for failure by its crewmembers, acting in furtherance of the business of its vessel, to exercise reasonable care for the safety of Defendant's passengers, including the Plaintiff.

33. At all material times including the time referenced in the preceding paragraph, the Defendant's crewmembers responsible for cleaning and drying the Lido Deck near the onboard beach pool failed to exercise reasonable care and were thereby negligent due to their failure

adequately and timely to warn passengers of the wet, slippery condition of the deck through orally delivered or written warnings, appropriate markings or signage, cordoning off the dangerous area, or otherwise and were thereby negligent. Since these negligent acts or omissions of the ship's crew occurred while the crew was acting in furtherance of the ship's business, providing for the maintenance of the vessel and passenger safety, Defendant CARNIVAL is vicariously liable for their negligence.

34.     As a direct and proximate result of the crewmembers' negligent failure to warn as alleged above, for which the Defendant is vicariously liable as alleged above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 9th day of November, 2021.

*s/Nicholas Gerson*
Philip M. Gerson, Esq.
Florida Bar No.: 127290
pgerson@gslawusa.com
Nicholas I. Gerson, Esq.
Florida Bar No. 20899
ngerson@gslawusa.com
Edward S. Schwartz , Esq.
Florida Bar No. 346721
eschwartz@gslawusa.com
David L. Markel, Esq.
Florida Bar No. 78306
dmarkel@gslawusa.com
Jared Ross, Esq.
Florida Bar No. 0083857
jross@gslawusa.com

        Gerson & Schwartz, P.A.
        1980 Coral Way
        Miami, Florida 33145
        Telephone: (305) 371-6000
        Facsimile: (305) 371-5749
        *Attorneys for Plaintiff*