UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-23958-CIV-ALTONAGA/Torres

**BRENDA CONNELL**,

    Plaintiff,

v.

**CARNIVAL CORPORATION**,

    Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Carnival Corporation's Motion to Dismiss [ECF No. 24], filed on May 6, 2022. Plaintiff, Brenda Connell, filed a Response [ECF No. 25], and Defendant filed a Reply [ECF No. 28]. The Court has carefully considered the Amended Complaint [ECF No. 21], the parties' written submissions, and applicable law. For the following reasons, the Motion is denied.

### I. BACKGROUND

On August 10, 2019, while Plaintiff was aboard the Carnival *Horizon*, she was "walking on the Lido Deck by the glass doors near the onboard beach pool" and "slipped on water or a wet, slippery substance on the deck surface outside the doors and fell[.]" (Am. Compl. ¶ 13 (alteration added); *see also id.* ¶¶ 17, 23). As a result, Plaintiff asserts two claims against Defendant: negligent maintenance (Count I) and negligent failure to warn (Count II). (*See id.* ¶¶ 15–26). Defendant moves to dismiss the Amended Complaint for failing to state claims for relief in that the claims do not allege Defendant had notice of the dangerous condition. (*See* Mot. 3).

CASE NO. 21-23958-CIV-ALTONAGA/Torres

## II. LEGAL STANDARD

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added; quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (alteration added; quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (alteration added; citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added; citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

## III. DISCUSSION

Defendant argues Counts I and II should be dismissed because Plaintiff fails to sufficiently allege that Defendant had actual or constructive notice of a dangerous condition. (*See* Mot. 3).

2

After Plaintiff's original Complaint was dismissed because its conclusory allegations were insufficient to establish that Defendant had notice (*see generally* Mar. 30, 2022 Order [ECF No. 17]), Plaintiff filed an Amended Complaint with four new exhibits that attempt to show Defendant had notice (*see generally* Am. Compl., Exs. 1–4 [ECF Nos. 1-1–1-4]). Contrary to Defendant's position (*see* Reply 1–3), these exhibits push Plaintiff's "claims across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570 (alteration added).

The elements of a maritime negligence claim are well settled: "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Newbauer v. Carnival Corp.*, 26 F. 4th 931, 935 (11th Cir. 2022) (quotation marks and citation omitted). To impose a duty in a maritime context, the shipowner must "have had actual or constructive notice of a risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Id.* (alteration adopted; quotation marks and citations omitted). Therefore, "[i]n order to survive Carnival's motion to dismiss, [Plaintiff] [must] plead sufficient facts to support each element of her claim, including that Carnival had actual or constructive notice about the dangerous condition." *Id.* (alterations added; citation omitted).

The Eleventh Circuit recently ruled that a plaintiff is not required to allege that a cruise line defendant had notice about a specific hazard such as a "particular puddle[.]" *Brady v. Carnival Corp.*, 33 F.4th 1278, 1281 (11th Cir. 2022) (alteration added; citation and quotation marks omitted). Instead, a plaintiff can establish notice by showing that a defendant both knew there was a "reasonable tendency" for the type of hazard at issue to occur in the area where the plaintiff was injured and that the hazard posed a risk to passengers. *Id.* at 1281–83 (finding the notice

requirement satisfied because defendant knew the area where the plaintiff slipped on water was reasonably likely to become wet from a nearby pool and the defendant had taken corrective action to address the danger).

When construing the Amended Complaint in a light most favorable to Plaintiff and taking all factual allegations as true, as the Court is required to do, Plaintiff's new exhibits — except for the first exhibit — are sufficient to show that Defendant plausibly had notice of the dangerous condition that injured Plaintiff. As a reminder, Plaintiff slipped on "water or a wet, slippery substance" outside the glass doors on the Lido Deck. (Am. Compl. ¶ 13).

Plaintiff's first exhibit is a deposition from *Haynes v. Carnival Corporation*, No. 20-21921-Civ, 2020 WL 7711642 (S.D. Fla. Dec. 29, 2020), in which a Carnival corporate representative acknowledged that condensation on the interior of doorways connecting the exterior and interior of Carnival vessels is a known issue. (*See* Am. Compl., Ex. 1, Vazquez Dep. Tr. [ECF No. 21-1] 38:5–38:14, 85:10–86:2). The representative explained that condensation occurs when hot air outside encounters cold air inside. (*See id.* 39:25–40:6, 51:14–51:20, 82:18–83:4, 85:10–85:21). Plaintiff alleges that the attached exhibits show notice of a dangerous condition in "the interior of outside to inside doorways." (Am. Compl. ¶¶ 18, 24). But Plaintiff slipped *outside* the glass doors on the Lido Deck during the summer. (*See id.* ¶ 13). Plaintiff's reliance on the deposition thus finds no support in the *Brady* principle: a defendant must know (or constructively know) that the type of hazard at issue could reasonably occur in the *same area* where the plaintiff was injured. *See Brady*, 33 F.4th at 1281–83.

Plaintiff's notice argument finds firmer footing with her second exhibit, which is a set of Carnival cleaning procedure documents that includes a presentation slide that lists "Open Decks" and "Lido Dining (Outside)" as two of the "AREAS OF MOST POTENTIAL SLIPS AND

FALLS" and displays a cartoon picture of someone slipping on a liquid substance. (*See* Am. Compl., Ex. 2, Lido Cleaning Procedures [ECF No. 21-2] 3).[1] This exact presentation slide was used in *Darby v. Carnival Corporation*, No. 19-21219-Civ, 2021 WL 6424631 (S.D. Fla. Dec. 3, 2021), *report and recommendation adopted*, No. 19-21219-Civ, 2022 WL 108597 (S.D. Fla. Jan. 11, 2022). The *Darby* court found that plaintiff had shown constructive notice because the presentation slide listed "Atrium Lobbies" as one of the "AREAS OF MOST POTENTIAL SLIPS AND FALLS" and the plaintiff fell in an atrium lobby. *Id*. at *10 (quotation marks and citation omitted). Here, it is less clear that the "Lido Deck by the glass doors near the onboard beach pool" where Plaintiff fell is the same area as either the "Open Decks" or "Lido Dining (Outside)" areas. (Am. Compl. ¶ 13; Lido Cleaning Procedures 3). Yet, given that a Lido Deck is an open deck and "Lido" is explicitly mentioned in the presentation slide, it is plausible that the area where Plaintiff was injured falls under one of the areas listed in the presentation slide.

Plaintiff's third and fourth exhibits relate to slip-and-fall incidents on other Carnival vessels. Specifically, the third exhibit contains interrogatory responses from *Kennedy v. Carnival Corporation*, No. 14-cv-24392 (S.D. Fla. May 11, 2016), which describe a multitude of slip-and-fall incidents that occurred on wet-deck areas — including at least 13 incidents near a pool area and two incidents by sliding glass doors — on the Carnival *Magic* from 2011 to 2013. (*See* Am. Compl., Ex. 3, Interrog. Resps. [ECF No. 21-3] 3–6). The responses also cover at least 12 slip-and-fall incidents by the pool areas on the Carnival *Dream* and Carnival *Breeze* that occurred between 2011 and 2014. (*See id.* 7–9). Plaintiff's fourth exhibit contains minutes from a Carnival safety meeting in which Carnival participants acknowledged several accidents on the Carnival

---

[1] The Court relies on the pagination generated by the Case Management/Electronic Case Files system, which appears as a header on all filings.

*Freedom*, including some near the "deck 9 fwd entrance to main pool by the Glass sliding doors[.]" (Am. Compl., Ex. 4 [ECF No. 21-4] Mins. 26, 55 (alteration added); *see also id.* 37).

While the third and fourth exhibits relate to different Carnival ships — *Magic*, *Dream*, *Breeze*, and *Freedom* — than the Carnival *Horizon*, where Plaintiff was injured, Plaintiff can establish constructive notice with evidence of substantially similar incidents. *See Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (citation omitted). "The 'substantial similarity' doctrine does not require identical circumstances, and allows for some play in the joints depending on the scenario presented and the desired use of the evidence." *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015). Two incidents are substantially similar if a jury could reasonably infer that a defendant could foresee the incident at issue based on the prior incident. *See id.* at 1287–88 (quoting *Borden, Inc. v. Fla. E. Coast Ry. Co.*, 772 F.2d 750, 755 (11th Cir. 1985)). Here, Plaintiff's allegations yield a reasonable inference that the incidents on wet decks, near pool areas, and by sliding glass doors on Carnival's other vessels were substantially similar to the incident that led to Plaintiff's injury.

In short, the Amended Complaint and its exhibits "contain sufficient factual matter . . . to state . . . claim[s] to relief that [are] plausible on [their] face." *Iqbal*, 556 U.S. at 678 (alterations added; citation and quotation marks omitted).

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Carnival Corporation's Motion to Dismiss **[ECF No. 24]** is **DENIED.**

CASE NO. 21-23958-CIV-ALTONAGA/Torres

**DONE AND ORDERED** in Miami, Florida, this 8th day of July, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record